## SIZELER v. PINO ET UX

(January 21, 1929. Opinion and Decree.)

Howell Carter, Jr., of New Orleans, attorney for plaintiff, appellant.

Paul W. Maloney, of New Orleans, attorney for defendant, appellee.

JANVIER, J.  This is a suit against Paul Pino and Mrs. Pino on notes representing the purchase price of certain jewelry. Two of the notes were signed by Pino and one by Mrs. Pino. Plaintiff seeks to hold Pino, not only on the notes signed by him, but also on the much larger note for $253.00, signed by his wife.

It is, of course, conceded that the husband cannot be held for the purchase price of jewelry purchased by the wife unless he authorized the transaction, or subsequently ratified it either expressly or by his actions. The burden is, therefore, on plaintiff to prove either the authorization or ratification.

We do not believe that plaintiff has sustained this burden. It is argued that the testimony of the two defendants is incredible and that it should not be believed because it is preposterous to suppose that the wife could have possessed the jewelry for a year and a half, without the husband knowing of it. It is also argued, that it is highly improbable that the wife could have kept this jewelry, in what counsel for plaintiff terms, the family safe, without the husband having discovered it. Such a situation may be unusual, but it is by no means impossible, and, in view of the positive denial by both of the defendants, we believe that the preponderance of evidence on this point, is with defendants. Plaintiff is a business man of experience and should have made certain that the husband expressly authorized these purchases and the execution of the note.

As to the amount which has been paid by the wife in reduction of the note, the situation is different. On this point the burden is on her to prove the amounts of these payments, and she has not entirely sustained this burden.

We believe that the evidence leaves it very doubtful whether she has really paid more than $67.50. If she had, she could have easily produced her receipts, and in view of the positive statement of plaintiff that this is all that has been paid, we feel that our judgment should go against her. Judgment should, therefore, be against her for $185.50, with interest at 8 per cent from the maturity of the notes and

attorney's fees at 20 per cent on the whole amount.

We see nothing serious in the defense of the husband on the other notes. They were originally for $32.50 and he has paid $7.00, so that the balance due by him is $25.50 with interest at 8 per cent from maturity and $15.00 attorney's fee.

It is therefore ordered, adjudged and decreed that the judgment against Paul Pino for $25.50, with 8 per cent interest from October 1, 1927, and $15.00 attorney's fees, be affirmed, and it is further ordered that the judgment against Mrs. Pino be amended by increasing the amount to $185.50, with interest at 8 per cent from October 15, 1927, and 20 per cent attorney's fees on the whole. The cost of this appeal to be paid one-half by plaintiff and one-half by defendant.